Dismissed and Majority and Dissenting Opinions filed June 1, 2004









Dismissed and Majority and Dissenting Opinions filed June 1,
2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-00644-CV

_______________

 

PABLO TELLO, Appellant

 

V.

 

BANK ONE, N.A.; BANC ONE TEXAS
LEASING CORPORATION, Appellee

_________________________________________________________________

 

On Appeal from the County Civil Court
at Law No. 2

Harris County, Texas

Trial Court Cause No. 786,601

_________________________________________________________________

 

D I S S E N T I N G  
O P I N I O N

 

The
majority opinion bases its dismissal of this appeal on its conclusions that:
(1) ABank One, N.A.; Banc One Texas
Leasing Corporation@ was two plaintiffs, rather than one; and, thus, (2) the
trial court=s judgment (the Ajudgment@) in favor of only ABank One, N.A.@ lacked finality for failing to
dispose of the claims of Banc One Texas Leasing Corporation.  I disagree with each conclusion.

In
every pleading and motion filed in this case and every brief filed on appeal,
there is but a single plaintiff and appellee, ABank One, N.A.; Bank One Texas
Leasing Corporation [or Corp.]@ that is always referred to in the singular often shortened
to just ABank One, N.A.@








On
the certificate of title to the leased vehicle, ABanc One Texas Lsng. Corp. in C/O
Pablo Tello@ is shown as the owner, and ABank One Texas NA@ is shown as the lienholder.  However, nothing in the record indicates
whether: (1) ABank One Texas NA@; (2) ABank One, N.A.@; (2) Bank One Texas Leasing
Corporation; and (4) ABank One, N.A.; Bank One Texas Leasing Corporation,@ are two, three, or four
entities.  In that ABank One, N.A.; Bank One Texas
Leasing Corporation@ has brought this action as a single plaintiff, and no
special exception, verified pleading, or other challenge has been asserted to
its capacity to sue in that name as a single party, I can see no authority or
basis (and certainly no reason) for this court to sua sponte conclude that it
could not do so or was not doing so, or that the judgment in favor of the
commonly shortened name, ABank One, N.A.@ could not or did not dispose of the
claims of the one plaintiff named in this case, as the judgment plainly
purports to do.

The
record also does not indicate the type of lien held by ABank One Texas NA,@ for what indebtedness that lien
provided security, or against what or whose interest(s) it might have been
enforceable.  Therefore, the record does
not reflect that any entity besides the lessor of the vehicle (and presumably
the single named plaintiff that brought the action) would have had standing to
assert a claim against Tello with regard to the leased vehicle, such that the
trial court would have had subject matter jurisdiction to enter the judgment in
favor of any other entity (as the majority assumes to have occurred).  Under these circumstances, the decision of
the majority that the judgment in favor of ABank One, N.A.@ failed to dispose of claims of a
second plaintiff is not supported by the record, and the resulting dismissal
will serve only to needlessly delay the final resolution of this case.

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Majority and Dissenting Opinions filed June 1, 2004.

Panel consists of
Justices Fowler, Edelman, and Seymore. 
(Fowler, J., majority).